**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE:<br><br>FRANK TORRES RODRIGUEZ<br>INGRID S. SILVA RODRIGUEZ<br><br>Debtors | CASE NO. 16-06971 (EAG)<br><br>CHAPTER 11 |

**JOINT PRE-TRIAL REPORT**
(Related Docket No. 246)

TO THE HONORABLE COURT:

COMES NOW, the Debtors and secured creditor PR Recovery and Development JV, LLC ("PR Recovery"), successor in interest of Banco de Desarrollo Económico para Puerto Rico ("BDE"), through their respective undersigned counsels, and respectfully submit the foregoing Pre-Trial Report:

Introduction

In compliance with the *Order and Notice* entered on November 12, 2020 (Docket No. 246), the parties jointly file the foregoing pre-trial report.

Pretrial Report

*I.    Joint Proposed Findings of Facts*

1.    On August 31, 2016, the Debtors filed the instant individual Chapter 11 bankruptcy petition. See Docket No. 1.

2.    On February 23, 2017, BDE filed Proof of Claim No. 6 in the secured amount of $1,637,980.02.  See Claims Register No. 6.

3.    On August 22, 2017, the Debtors filed a *First Amended Plan of Reorganization* ("*Plan of Reorganization*", Docket No. 110) proposing to pay BDE's claim as follows:

3.1 Class 1 - Secured Claim of Banco de Desarrollo de PR

(a) Impairment and Voting - Class 1 is impaired under the Plan. Banco de Desarrollo de PR will be entitled to vote to accept or reject the Plan.
(b) Distribution - Banco de Desarrollo de PR will receive 100% of its secured claim, which is estimated to be $1,637,980, through the sale of Debtor's realty, which is estimated to occur on or before the 24th month after the Effective Date.

> Banco de Desarrollo de PR will retain its liens encumbering its collateral until the full payment of its allowed secured claim.

*Plan of Reorganization,* Docket No. 110, p. 14, § 3.1.

4. The "Effective Date" was defined as "thirty (30) days after the Confirmation Order becoming final and unappealable", Id., p. 7, ¶ 29.

5. On February 2, 2018, this Court entered an *Order Confirming Plan* (Docket No. 147). Because no appeal was taken from the Order Confirming Plan within the following jurisdictional 14-days[1], it became final and unappealable on Saturday, February 17, 2018. Hence, the Effective Date of the Plan (*i.e.*, 30 days thereafter) was set at Monday, March 19, 2018.

6. Accordingly, the 24-month period ---from the Effective Date--- to pay BDE's claim, pursuant to the terms of the *Plan of Reorganization*, lapsed on Monday, March 19, 2020, that is, four (4) days after the Governor of Puerto Rico issued a mandatory business shutdown in Puerto Rico through Executive Order No. 2020-023.

7. On January 28, 2020, the Court entered a *Final Decree* (Docket No. 229) closing the case.

8. Because this is an individual Chapter 11 case, the Court has not entered the discharge of the Debtors and the Debtors have not moved the Court for the entry of the discharge.

9. On August 27, 2020, the PR Recovery counsel reached out the Debtor's counsel, informing them about the Debtor's noncompliance with the terms of the *Plan of Reorganization* and the Creditor's interest of reaching an extrajudicial resolution to the lack of payments.

10. On October 16, 2020, PR Recovery filed a *Motion to Reopen Case* ("Motion to Reopen", Docket No. 239) alleging that the case should be reopened to be dismissed without discharge for failure to comply with the terms of a confirmed plan, *i.e.*, the final substantial balloon payment.

---

[1] See Fed. R. Bankr. P. 8002(a)

11. Also on October 16, 2020, PR Recovery filed a *Motion to Dismiss* ("*Motion to Dismiss*", Docket No. 241) pursuant to 11 U.S.C. § 1112(b)(4)(N), adopting the allegations contained in the Motion to Reopen.

12. On October 27, 2020, the Debtors filed a *Motion to Strike and/or Opposition to Motion to Reopen Case and to Motion to Dismiss* ("*Motion to Strike*", Docket No. 243) alleging that:

(a) PR Recovery is a non-party lacking standing in the present case because Proof of Claim No. 6 filed by BDE was not transferred to PR Recovery;

(b) PR Recovery does not hold the promissory notes with the new terms of payment, as dictated by the approved plan; and

(c) PR Recovery is not a creditor because BDE filed a complaint against the former for the fraudulent transfer of certain promissory notes, like the ones in the instant case, and thus PR Recovery's alleged interest in this case is being contested by BDE.

13. In the *Motion to Strike*, the Debtors did <u>not</u> contest to be in material default with the final and most substantial balloon payment under the terms of the *Plan of Reorganization*.

14. On November 9, 2020, PR Recovery filed an *Opposition to "Motion to Strike and/or Opposition to Motion to Reopen Case and to Motion to Dismiss"* (Docket No. 244) providing the legal arguments regarding how it has sufficient standing to request dismissal relief under the Bankruptcy Code in the instant case.

15. On November 12, 2020, the Court entered an *Order* granting the reopening of the case (Docket No. 245).

16. Also on November 12, 2020, the Court entered an *Order and Notice* (Docket No. 246) scheduling a hearing to consider the motion to dismiss for December 3, 2020 and ordered the parties to file a joint pretrial report.

II. PR Recovery's Proposed Findings of Facts

1. As of today, the Debtors have not complied with the terms and payments required in the *Plan of Reorganization* for BDE's claim and thus are in material default with the terms of the confirmed plan.

2. BDE sold to PR Recovery its rights over Proof of Claim No. 6. Hence, PR Recovery is now the current note holder.

3. To avoid repetition, the *Motion to Dismiss* is hereby adopted by reference as if fully transcribed herein.

III. *Debtor's proposed findings of fact*

1. PR Recovery is not a creditor in the captioned case.

2. BDE filed a lawsuit against PR Recovery which is still pending, in which BDE is requesting a determination that the alleged transfer of securities to PR Recovery is null and void.

3. Upon confirmation of Debtors' Plan of Reorganization a new promissory note was issued to BDE containing the payment terms agreed to in the Plan of Reorganization.

4. PR Recovery is not the holder of the new promissory note issued by Debtors upon confirmation of the Plan of Reorganization.

5. Upon confirmation of Debtors' Plan of Reorganization, all creditors were paid by the issuance of promissory notes and as such, all creditors that have not been paid in accordance thereof, have other forums to collect any arrears thereof.

IV. *PR Recovery's Proposed Conclusions of Law*

A. *Dismissal under Section 1112(b)(4)(N): material default with the terms of a confirmed plan*

17. Section 1112(b)(1) of the Bankruptcy Code governs dismissals and conversions in Chapter 11 cases as follows:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

18. "Prior to its amendment, [Section 1112(b)(1) of the Bankruptcy Code] provided that a court 'may' dismiss the case upon finding cause, but amended section 1112(b) provides that a court 'shall' dismiss if cause is found, absent unusual circumstances." AmeriCERT, Inc. v. Straight Through Processing, Inc. (In re AmeriCERT, Inc.), 360 B.R. 398, 401 (Bankr. D. N.H. 2007).

19. "After the BAPCPA amendments, § 1112(b)(1) is 'no longer permissive, but instead mandates conversion or dismissal if the movant establishes exclusive cause, and no unusual circumstances establish that conversion or dismissal is not in the best interest of creditors." In re Gilroy, 2008 Bankr. LEXIS 3968, at *13, 2008 WL 4531982, at *4 (B.A.P. 1st Cir. 2008) (underline added).

20. After the moving party establishes that there is cause to dismiss or convert the case to Chapter 7, the court must choose between dismissal or conversion, "whichever is in the best interest of creditors and the estate." 11 U.S.C. § 1112(b)(1). The standard for choosing between conversion or dismissal based on "the best interest of creditors and the estate" implies application of a balancing test by the bankruptcy court. See In re De Jounghe, 334 B.R. at 770; In re Staff Inv. Co., 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992).

21. Section 1112(b)(4) of the Bankruptcy Code provides a non-exhaustive[2] list of "causes" to dismiss.

22. Section 1112(b)(4)(N) establishes as "cause" to dismiss the "material default by the debtor with respect to a confirmed plan". 11 U.S.C. § 1112(b)(4)(N).

23. A default with respect to a plan may occur long after confirmation and long after substantial consummation of the plan. See 7-1112 Collier on Bankruptcy ¶ 1112.04[n] (16th ed. 2018).

---

[2] The list of "causes" is non-exhaustive and thus a case may be converted or dismissed for other causes. See In re AmeriCERT, Inc., 360 B.R. at 401; Tuli v. US Trustee, 124 Fed. Appx. 830, 831 (5th Cir. 2005). Also see 11 U.S.C. § 1112(b)(4) (using the term "includes" before listing various reasons for dismissing a case). A bankruptcy court may also "dismiss a Chapter 11 petition for any reason cognizable to the equity power and conscience of the court as constituting an abuse of the bankruptcy reorganization process." In re 347 Linden LLC, 2011 U.S. Dist. LEXIS 78843, at *10, 2011 WL 2971496 (E.D.N.Y. 2011), citing In re HBA E., Inc., 87 B.R. 248, 258 (Bankr. E.D.N.Y. 1988).

24. "Under Section 1112(b), the court may convert or dismiss the case **at any time under the occurrence of a default**, provided that the default is also material." EPR Marine Welding Constr. Servs. v. Naval Servs. of P.R., Inc. (EPR Marine Welding Constr. Servs.), 2014 Bankr. LEXIS 5377, at *18 (B.A.P. 1st Cir. 2014) (emphasis and underline added), citing 7-1112 Collier on Bankruptcy ¶ 1112.04[n] (16th ed. 2014).

25. Although the Bankruptcy Code does not define the term "material", courts have found that failure to make payments when due under the plan of reorganization constitutes a material default. See id., citing In re Micro-Acoustics Corp., 49 B.R. 630, 631-632 (S.D.N.Y. 1985); In re Jankins, 184 B.R. 488, 494 (Bankr. E.D. Va. 1995) (failure to make payment on tax liability deemed to be "material"); In re Robbins, 167 B.R. 724, 727 (Bankr. D.Mass. 1994) (failure to pay administrative claim is material); In re H.R.P. Auto Ctr., Inc., 130 B.R. 247, 256-257 (Bankr. N.D. Ohio 1991); In re Mobile Freezers, Inc., 146 B.R. 1000, 1005 (S.D. Ala. 1992) (debtor sold assets in violation of the plan, and failed to make payments constitutes material default), aff'd, Mobile Freezers, Inc. v. United States, 14 F.3d 57 (11th Cir. 1994), cert. denied, 513 U.S. 807, 115 S. Ct. 55, 130 L. Ed. 2d 14 (1994); Smith v. Lee (In re Smith), 201 B.R. 267, 271-272 (D. Nev. 1996) (debtor's minimal efforts to consummate plan constituted material default), aff'd, 141 F.3d 1179 (9th Cir. 1998).

26. "A debtor's failure to make payments to creditors in contravention of a plan amounts to a material default and constitutes cause to convert or dismiss a bankruptcy case under § 1112(b)(1) and 1112(b)(4)(N)". In re Rivera Guzman, 2018 Bankr. LEXIS 1776, at *14-15 (Bankr. D.P.R. 2018) (Lamoutte, B.J.). Also see Warren v. Young (In re Warren), 2015 Bankr. LEXIS 1775 at *14 (B.A.P. 9th Cir. 2015) (individual "Debtors' failure to make any payments to several unsecured creditors … in contravention of the Plan amounted to a material default and constituted cause to convert or dismiss the bankruptcy case under § 1112(b)(1) and (b)(4)(N)").

27. A bankruptcy court may dismiss or convert a chapter 11 bankruptcy case even after substantial consummation of a confirmed bankruptcy plan, if the plan is in material default. See In re Sundale, Ltd., 471 B.R. 300, 303 (Bankr. S.D. Fla. 2012).

28. Cause to dismiss under Section 1112(b)(4)(N) is met regardless of whether or not the plan of reorganization has been substantially consummated, since substantial consummation is not determinative of "material default" in the performance of a plan. See Greenfield Drive Storage Park v. Cal. Para-Prof'l Servs. (In re Greenfield Drive Storage Park), 207 B.R. 913, 916-918 (B.A.P. 9th Cir. 1997). In this case, the *Plan* has certainly not been consummated.

29. **"Even if the case had been properly closed under § 350, the case could thereafter be reopened"**. In re Greenfield Drive Storage Park, 207 B.R. at 918 (emphasis added).

30. Based on the foregoing, there is sufficient jurisdiction and cause to dismiss the instant bankruptcy case upon the Debtor's default with the terms of the *Plan* under Section 1112(b)(4)(N).

31. PR Recovery submits that dismissal, not conversion, is in the best interest of all creditors and the estate because secured creditors will be able to foreclose on their collateral.

B. *PR Recovery has standing as a creditor to seek the reopening and dismissal of the instant case without discharge.*

32. The Debtors allege in their *Motion to Strike* that PR Recovery lacks standing in the present case because it has not filed a transfer of claim of BDE's Proof of Claim No. 6. This is grossly misleading.

33. First, because the case is administratively closed (Docket No. 229) without the entry of a discharge, CM/ECF does not allow PR Recovery to file a Transfer of Claim. That is exactly why PR Recovery attached copies of the original indorsed notes to the *Motion to Reopen*. See Docket No. 239-1.

34. "An elementary principle of negotiable instruments law is that the payee acquires no rights in an instrument <u>until the instrument is delivered to him</u>." <u>Papex Int'l Brokers, Ltd. v. Chase Manhattan Bank, N.A.</u>, 821 F.2d 883, 885 (1st Cir. 1987). "[T]he holder of a negotiable promissory note is favored by the **legal presumption that it is valid** and was executed for a good and valuable consideration.". <u>San Juan Credit v. Carrasquillo</u>, 113 D.P.R. 181, 185 (1982) (Lexis translation, emphasis added), citing <u>Texas Co. v. Estrada, y Álvarez, Int.</u>, 50 D.P.R. 743 (1936).

35. In Puerto Rico, a note made <u>in favor of the bearer</u> is transferred by the mere transfer of possession and since then, the bearer has standing to claim its payment. <u>See</u> Section 2-203(a) of the PR Commercial Transactions Act ("CTA"), 19 L.P.R.A. § 553(a); <u>Des. Caribe v. Ven-Lour Enterprises</u>, 198 D.P.R. 290, 299, n.2 (2017) (in Puerto Rico, "the transfer of possession and indorsement are the only requirements imposed by law for the negotiation of a negotiable instrument payable to the order"); <u>Lozada Merced v. Registrador</u>, 100 D.P.R. 99, 104 (1971); <u>E.M.L. Insurance Company v. Banco Popular</u>, 91 D.P.R. 645, 651 (1965); <u>Vendrell v. Torres Aguiló</u>, 85 D.P.R. 873, 876 (1962). Moreover, the CTA also affords the bearer of the note with legal standing to enforce compliance with the note. <u>See</u> Sections 2-203(b) and 2-301 of the CTA, 19 L.P.R.A. §§ 503(b) and 601.

36. Conversely, a note "<u>payable to order</u> [] is negotiated by the <u>indorsement</u> of the holder completed by delivery". <u>Papex Int'l Brokers, Ltd. v. Chase Manhattan Bank, N.A.</u>, 821 F.2d at 885 (underline added). <u>See</u> Section 2-201(b) of the CTA, 19 L.P.R.A. § 551(b).

37. Section 2-204(a) of the CTA defines "indorsement" as:

a signature, other than that of a signatory as signatory, drawer or acceptor, which alone or accompanied by other words is added to an instrument for the purpose of (i) trading the instrument, (ii) restrict payment of the instrument, or (iii) incur the responsibility of the endorser with respect to the instrument, but regardless of the intention of the signatory, a signature and the accompanying words is an indorsement unless the words accompanying the signature , the terms of the instrument, the location of the signature, or other unambiguous circumstances indicate that the signature was placed for a purpose other than an indorsement. For the purpose of determining whether a signature is added to an instrument, a paper attached to the instrument is considered part of the instrument.

19 L.P.R.A. § 554(a).

38. Section 2-602(a) of the CTA states that "[a]n instrument is paid when a payment is made: (1) by or on behalf of the person obliged to pay the instrument, and (2) to a person with the right to demand compliance with the instrument." Sec. 2-602(a) of the CTA, 19 L.P.R.A. § 752. The CTA defines the "holder" with respect to a negotiable instrument as "the person in possession of the instrument is payable to the bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession of it…." Sec. 1-201 of the CTA, 19 L.P.R.A. § 451(20).

39. In the instant case, because the payable instruments were made payable to the order, PR Recovery must demonstrate they were duly indorsed in its favor and be in possession thereof. PR Recovery has submitted evidence of both prongs. See **Exhibit I**; Docket No. 239-1. Consequently, PR Recovery is favored by a **legal presumption** that it is Debtors' current creditor. San Juan Credit v. Carrasquillo, 113 D.P.R. at 185. The Debtors, on the other hand, have proffered no evidence to rebut such presumption and instead merely allege fraud via BDE's complaint. But "mere allegations are not evidence". Jiménez-García v. Dep't of Treasury (In re Jiménez-García), 2012 Bankr. LEXIS 5191, *19, 2012 WL 5439021, at * 6 (Bankr. D.P.R. 2012). Also see Zilberstein v. Kendall College, 286 Fed. Appx. 938, 940 (7th Cir. 2008) ("mere allegations are not 'evidence'"); Tibbs v. City of Chicago, 469 F.3d 661, 663 fn. 2 (7th Cir. 2006) ("mere allegations of a complaint are not evidence"); Nisenbaum v. Milwaukee County, 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations … are not evidence").

40. Consequently, as the current holder of the indorsed notes, PR Recovery has sufficient creditor standing under Puerto Rico law to demand payment thereunder from the Debtors.

41. "[A] party in interest in a bankruptcy case must have some legally protected interest that either has been adversely affected (thereby warranting judicial relief) or that is in actual danger of being adversely affected (if relief is not granted)." In re Alcide, 450 B.R. 526, 535 (Bankr. E.D. Pa. 2011).

> C. *The litigation between BDE and PR Recovery does not divest PR Recovery's standing in these bankruptcy proceedings.*

42. The Debtors allege that PR Recovery is not a creditor because BDE filed a complaint against the former for the fraudulent transfer of certain promissory notes, like the ones in the instant case, and thus PR Recovery's alleged interest in this case is being contested in BDE's independent complaint where the Debtors are not a party in interest.

43. The PR Court of Appeals recently considered this same controversy and argument in <u>PR Recovery and Development REO, LLC v. Green Recycling Solutions, LLC</u> *et al.*, 2020 PR App. LEXIS 1397 (PR Court of Appeals August 31, 2020).

44. In <u>Green Recycling Solutions, LLC</u>, PR Recovery and Development REO, LLC purchased from BDE certain notes, including the defendants'. Because the defendants defaulted on their loan, PR Recovery and Development REO, LLC filed a foreclosure complaint against the defendants with the PR Court of First Instance, Superior Court of San Juan, Case No. SJV2019cv05027. In their answer to the complaint, the defendants sustained that PR Recovery and Development REO, LLC was not the holder in good faith of the notes. Subsequently, PR Recovery and Development REO, LLC transferred its interests in the notes in favor of PR Recovery and PR Recovery proceeded to file a motion for substitution of party attaching the indorsed notes as evidence of the transfer. In response, the defendants filed a motion to stay all foreclosure proceedings sustaining, like the Debtors in the instant case, that PR Recovery's purchase of the claim was illegal and null upon BDE's complaint against PR Recovery, Case No. 2019cv11697, and thus, PR Recovery could not foreclose for lack of standing. <u>See id.</u> at **2-5. The defendants requested that the foreclosure case to be stayed until the Court ultimately ruled on the validity of BDE's sale in that other independent case. PR Recovery opposed sustaining that allowing the stay of the foreclosure proceedings upon mere allegations in that independent case would impair its legitimate rights to collect and would have an adverse domino effect in other similar collection and foreclosure cases based on mere speculations. <u>See id.</u> at **5-6.

45. After considering the arguments by the parties, the PR Court of First Instance denied the defendants' request to stay the foreclosure proceedings adopting by reference PR Recovery's arguments. See id. at **6-7.

46. The defendants sought *certiorari* review. After considering the parties' briefs, the PR Court of Appeals denied judicial review and affirmed the PR Court of First Instance finding that the mere possession of the indorsed notes by PR Recovery was sufficient to grant PR Recovery standing to demand payment. Id. at *11.

47. We move this Honorable Court to follow the same reasoning and conclusion as the PR Court of First Instance and the PR Court of Appeals.

48. Dismissal, rather than conversion, is in the best interests of creditors and the estate in this case. In consideration of the current liens and the Debtor's current financial situation, Chapter 7 distribution is unlikely.

V. *Debtor's Proposed Conclusions of Law*

*A non-party of a bankruptcy case cannot request the dismissal of the case.* Pursuant to § 1307(c), only the U.S. Trustee or a party in interest is authorized to request dismissal of a bankruptcy petition for cause. See 11 U.S.C. § 1307(c). A party in interest is defined as one "whose pecuniary interests are directly affected by the bankruptcy proceedings." See *In re Davis,* 239 B.R. 573, 579 (10th Cir. BAP 1999). The only proof of claim filed in the captioned case was by BDE. No transfer of claim has been filed. Furthermore, the only promissory notes allegedly endorsed by the BDE are the pre-petition promissory notes and not the one issued after the confirmation of Debtors' Plan of Reorganization.

Since PR Recovery is not a creditor and/or party in interest, it is impeded from requesting the dismissal of the captioned case.

VI. *PR Recovery's Proposed Evidence*

    A. Proof of Claim by PR Recovery's predecessor (Proof of Claim No. 6)

    B. *Plan of Reorganization* (Docket No. 110)

    C. Indorsed notes and reorganized notes.

    D. Hello/Goodbye Letter issued by PR Recovery and BDE notifying the Debtors of the transfer of claim.

    E. Email to Debtors' counsel regarding arrears to PR Recovery and default with the terms of the confirmed plan (failure to make the balloon payment).

VII. *PR Recovery's Proposed Witness*

    A. Nellie Soto, servicer for PR Recovery's Loan in the instant case. Will testify as to the Debtor's post-confirmation arrears and default with the final balloon payments and efforts for extrajudicial efforts to collect.

VIII. *Debtor's Proposed Witness*

    A. Mr. Frank Torres Rodriguez

IX. Debtor's Proposed Evidence

    A. Proof of Claim by PR Recovery's predecessor (Proof of Claim No. 6)

    B. *Plan of Reorganization* (Docket No. 110)

    C. *Copy of Promissory Note issued by Debtors upon confirmation of the Plan of Reorganization.*

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, on this 30th day of November, 2020.

### Certificate of Service

We hereby certify on this same date, we electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants in this case.

-Signatures on following page-

**Ferraiuoli** LLC
Attorneys for PR Recovery
PO Box 195168
San Juan, PR 00919-5168
Tel.: (787) 766-7000
Fax: (787) 766-7001

*s/ Sonia E. Colón*
SONIA E. COLÓN
USDC-PR No. 213809
scolon@ferraiuoli.com

*s/ Gustavo A. Chico-Barris*
GUSTAVO A. CHICO-BARRIS
USDC-PR No. 224205
gchico@ferraiuoli.com

*s/ Camille N. Somoza*
CAMILLE N. SOMOZA
USDC-PR No. 302908
csomoza@ferraiuoli.com

s/ Alexis Fuentes-Hernández, Esq
**Alexis Fuentes-Hernández, Esq.**
USDC-PR 217201

**FUENTES LAW OFFICES, LLC**
P.O. Box 9022726
San Juan, PR 00902-2726
Tel. (787) 722-5215, 5216
E-Mail: alex@fuentes-law.com